# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BENNIE STALLION                                                                                PETITIONER

V.                                                                                    NO. 2:05CV87-D-B

B.C.R.C.F., et al.                                                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bennie Stallion for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d); the petition has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

Bennie Stallion was convicted of conspiracy and robbery in Washington County Circuit Court on January 28, 1992, and sentenced to the Mississippi Department of Corrections (M.D.O.C.) for fifteen years for robbery, with ten suspended and five years to serve – and five years suspended and five years probation for conspiracy.

The petitioner was later convicted of grand larceny in the Circuit Court of Bolivar County and sentenced January 6, 1998, a term of five years in the Mississippi Department of Corrections, with two years to serve and three years post-release supervision. This sentence was to be served consecutive to any previously-imposed sentences. The petitioner did not pursue a direct appeal of the 1998 conviction, and he did not file a motion for post-conviction relief regarding that conviction.

The petitioner's probation was revoked in Washington County on February 13, 1998, and he was sentenced to serve ten years of his previously suspended 1992 sentence – consecutive to his sentence in Bolivar County.

He was then convicted of possession of a controlled substance on correctional facility grounds in Rankin County Circuit Court on September 13, 2000, and sentenced to six years in the custody of the Mississippi Department of Corrections, to be served concurrently to the sentences from Washington and Bolivar counties.

Stallion was released from incarceration on Oct. 16, 2003, to serve his probation. Shortly thereafter, Stallion absconded and was later arrested in Illinois. He filed the instant federal petition for a writ of *habeas corpus* May 4, 2005, in which he challenges only his 1998 conviction from Bolivar County. On June 20, 2005, the Bolivar County Circuit Court revoked Stallion's probation and ordered him to serve an additional two years of his 1998 sentence.[1]

## Discussion

Resolution of this matter is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Stallion mentions "conflicting dates" on the affidavit regarding his violation of post release supervision he has attached as an exhibit to his amended petition. The date had, however, been corrected on the copy provided to the court from the Bolivar County Circuit Clerk's office.

>  (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or the laws
> of the United States is removed, if the applicant was prevented
> from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The petitioner does not challenge the revocation of his probation; rather, he claims that the 1998 sentence was illegal because the trial court failed to order and consider a pre-sentence investigation report before sentencing him on his guilty plea in 1997. Further, the petitioner filed the instant petition for a writ of *habeas corpus* on May 4, 2005 – *before* the order of revocation was entered on June 20, 2005; obviously, he could not challenge the revocation before it occurred. Finally, the only claim the petitioner makes as to the revocation itself – that he was not afforded a hearing – is moot because the petitioner admits that he did indeed receive a hearing. *See* "[Writ of Habeas Corpus] Cruel and Unusual Punishment" filed in this court on July 12, 2005, pp. 2-3. Thus, the court shall examine only the petitioner's challenge to his 1998 conviction.

The petitioner's 1998 conviction became final on February 5, 1998, thirty days after he was sentenced on his guilty plea. MISS. CODE ANN. § 99-35-101, *Campbell v. State*,

743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). The petitioner did not file a motion for post-conviction relief on or before the statutory one-year deadline expired on February 5, 1999. 28 U.S.C. § 2244(d)(2), *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Thus, the statutory tolling provision of §2244(d)(2) is not applicable to the instant case. In addition, the petitioner has alleged no facts showing "rare and exceptional" circumstances to warrant equitable tolling, *See Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). As such, the instant petition was untimely filed.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Thus, in the instant case, the petition was "filed" sometime between the date it was signed on April 29, 2005, and the date it was received and filed in the district court on May 4, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the petition was filed 2,275 days after the expiration of the February 5, 1999, federal deadline. As such, the instant petition for a writ of *habeas corpus* shall be

4

dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of September, 2006.

                                                 /s/ Glen H. Davidson
                                                 CHIEF JUDGE